UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, N.A.,

      Plaintiff,

v.                                Case No. 8:24-cv-00546-KKM-AEP

MARALYN H. ADELMAN, and
TOYAR ELECTRONIC EQUIPMENT, INC.,

      Defendants.
_____

## ORDER

      Wells Fargo Bank, N.A., moves for an order permitting substituted service on Toyar Electronic Equipment, Inc. Because Wells Fargo alleges no facts bringing Toyar within Florida's substituted service statute, the motion is denied without prejudice.

## I.   BACKGROUND

      This case arises out of a wire transfer between two Wells Fargo customers: Maralyn H. Adelman, a resident and citizen of Tampa, and Toyar, a California corporation with its principal place of business in Los Angeles County, California. (Doc. 1) ¶¶ 5–6. Adelman wired $87,000 from her personal checking account to Toyar's business checking account, and the latter account was credited with Adelman's funds on October 10, 2023. (Doc. 1) ¶¶ 1, 11–13. Adelman later tried to recall the transaction, claiming she had been

defrauded. (Doc. 1) ¶ 14. Wells Fargo restrained the $87,000, but Toyar did not allow Wells Fargo to return the money. (Doc. 1) ¶ 17. Instead, Toyar's "principal, Yongxing Liu, visited a Wells Fargo branch and attempted to use, withdraw and/or transfer the Wire proceeds." (Doc. 1) ¶ 18. Wells Fargo brought an interpleader action to resolve the dispute.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The same is true for service on corporations, partnerships, and other unincorporated associations under Rule 4(h)(1)(A).

In Florida, litigants may effect substituted service on a foreign corporation under a reticulated statutory scheme. §§ 48.161, 48.181, FLA. STAT. "The jurisdictional requirements of § 48.181 are that the defendant conducts business in Florida and is: (1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing her whereabouts." *HDI Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-cv-22235, 2023 WL 3778241, at *3 (S.D. Fla. May 5, 2023) (cleaned up). "The party seeking to effectuate substitute service bears the burden of pleading facts sufficient to

support the applicability of the substitute service statutes." *Baxter v. Miscavige*, No. 22-cv-986, 2023 WL 1993969, at *4 (M.D. Fla. Feb. 14, 2023).

Additionally, "before using the substitute service statutes, a plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted). "To meet this standard, a plaintiff must justify the use of substitute service by demonstrating it reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable it to effect personal service on the defendant." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted).

## III.   ANALYSIS

To date, Wells Fargo remains unable to serve Toyar despite fifteen attempts at three addresses associated with either the firm or its registered agent, Liu. *See* (Docs. 7, 15). After these attempts failed, Wells Fargo "requested and reviewed multiple background searches on [Toyar] and its principal/registered agent (Liu), which did not reveal any additional potential service addresses." (Doc. 16) at 3. Wells Fargo also "tried to contact [Toyar] via telephone and e-mail (on the number and e-mail address Wells Fargo ha[d] on file) but [was] been unable to reach anyone." (Doc. 16) at 3 n.3. Based on these facts, Wells Fargo asserts that Toyar is concealing its whereabouts. (Doc. 16) at 3.

Although Wells Fargo appears to have exercised due diligence in attempting personal service, its motion must still be denied because the complaint does not allege sufficient facts to bring Toyar within the substituted service statute. *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *3; *Baxter*, 2023 WL 1993969, at *4. Specifically, the complaint does not allege that Toyar does business in Florida. Wells Fargo's motion contains a new factual assertion relevant to this issue: Liu "claim[ed] entitlement to the [restrained funds] as a result of Adelman allegedly purchasing electronic appliances from Toyar Electronic" when he tried to claim the funds the day after Adelman sent them. (Doc. 16) at 2. But under Florida law, a deficiency in jurisdictional fact for purposes of the substituted service statute "cannot be cured by a subsequently filed affidavit," much less by argument in a motion. *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *3. Thus, Wells Fargo has not established entitlement to substituted service.

## IV.   CONCLUSION

Wells Fargo's motion for an order authorizing substituted service on Toyar under §§ 48.161 and 48.181 is **DENIED WITHOUT PREJUDICE.** Wells Fargo is sua sponte granted leave to amend the complaint and include the missing factual allegations under Federal Rule of Civil Procedure 15(a)(2). Wells Fargo must file an amended complaint by July 23, 2024, at which time Wells Fargo may again move for substituted service.

**ORDERED** in Tampa, Florida, on July 16, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.