UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.                                                     Case No. 8:24-cv-00546-KKM-AEP

MARALYN H. ADELMAN, and
TOYAR ELECTRONIC EQUIPMENT, INC.,

    Defendants.
_____

## ORDER

Wells Fargo Bank, N.A., moves for an order permitting substituted service on Toyar Electronic Equipment, Inc. Because Wells Fargo's amended complaint alleges facts bringing Toyar within Florida's substituted service statute, the motion is granted.

## I. BACKGROUND

This case arises out of a wire transfer between two Wells Fargo customers: Maralyn H. Adelman, a resident and citizen of Tampa, and Toyar, a California corporation with its principal place of business in Los Angeles County, California. (Doc. 18) ¶¶ 5–6. Adelman wired $87,000 from her personal checking account to Toyar's business checking account, and the latter account was credited with Adelman's funds on October 10, 2023. (Doc. 18) ¶¶ 1, 11–13. Adelman later tried to recall the transaction, claiming she had been

defrauded. (Doc. 18) ¶ 14. Wells Fargo restrained the $87,000, but Toyar did not allow Wells Fargo to return the money. (Doc. 18) ¶¶ 15–17. Instead, Toyar's "sole principal and registered agent, Yongxing Liu, visited a Wells Fargo branch and attempted to use, withdraw and/or transfer the Wire proceeds." (Doc. 18) ¶ 18. Liu claimed that Toyar "was entitled to the Funds as a result of Adelman allegedly purchasing electronic appliances from Toyar." (Doc. 18) ¶ 19.

Wells Fargo brought an interpleader action to resolve the dispute and moved for an order authorizing substituted service on Toyar. (Docs. 1, 16). The motion was denied without prejudice because Wells Fargo failed to allege that Toyar did business in Florida, a jurisdictional requirement under the substituted service statute. (Doc. 17) at 4. Wells Fargo amended the complaint to address this pleading defect and again moved for substituted service. (Docs. 18–19).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The same is true for service on corporations, partnerships, and other unincorporated associations under Rule 4(h)(1)(A).

2

In Florida, litigants may effect substituted service on a foreign corporation under a reticulated statutory scheme. §§ 48.161, 48.181, FLA. STAT. "The jurisdictional requirements of § 48.181 are that the defendant conducts business in Florida and is: (1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing her whereabouts." *HDI Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-cv-22235, 2023 WL 3778241, at *3 (S.D. Fla. May 5, 2023) (cleaned up). "The party seeking to effectuate substitute service bears the burden of pleading facts sufficient to support the applicability of the substitute service statutes." *Baxter v. Miscavige*, No. 22-cv-986, 2023 WL 1993969, at *4 (M.D. Fla. Feb. 14, 2023).

Additionally, "before using the substitute service statutes, a plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted). "To meet this standard, a plaintiff must justify the use of substitute service by demonstrating it reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable it to effect personal service on the defendant." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted).

III. ANALYSIS

Wells Fargo has shown that it is entitled to substituted service.

The amended complaint alleges that Toyar is a California citizen claiming to have engaged in commerce with Adelman (a Florida resident and citizen) to the tune of $87,000 in electronics purchases. (Doc. 18) ¶¶ 6, 19 & n.1. Under § 48.181(5) "[a]ny individual or foreign business entity that sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any individual, corporation, or other business entity in this state is conclusively presumed to be both engaged in substantial and not isolated activities within this state and operating, conducting, engaging in, or carrying on a business or business venture in this state." Toyar's representation triggers a statutory presumption that Toyar "operate[s], conduct[s], engage[s] in, or carr[ies] on a business or business venture in [Florida]." § 48.181(2), (5), FLA. STAT., which satisfies the jurisdictional requirement for substituted service. *Baxter*, 2023 WL 1993969, at *3–4.

Wells Fargo has also exercised due diligence in attempting to effect personal service. *Baxter*, 2023 WL 1993969, at *5. Wells Fargo remains unable to serve Toyar despite fifteen attempts at three addresses associated with either the firm or Liu. *See* (Docs. 7, 15). After these attempts failed, Wells Fargo "requested and reviewed multiple background searches on [Toyar] and its principal/registered agent (Liu), which did not reveal any additional potential service addresses." (Doc. 19) at 3. Wells Fargo also "tried to contact [Toyar] via telephone and e-mail (on the number and e-mail address Wells Fargo ha[d] on file) but

4

[was] unable to reach anyone." (Doc. 19) at 3 n.4. Based on these facts, Wells Fargo asserts that Toyar is concealing its whereabouts. (Doc. 19) at 3.

Wells Fargo has "demonstrate[d] the exercise of due diligence in attempting to locate the defendant." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted). By attempting service fifteen times across multiple potential addresses and otherwise investigating Toyar and Liu, Wells Fargo has shown that it "reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable it to effect personal service." *HDI Glob. Ins. Co.*, 2023 WL 3778241, at *2 (alterations accepted and quotations omitted). That is enough to satisfy the substituted service statute's due diligence requirement.

## IV.   CONCLUSION

Wells Fargo's motion for an order authorizing substituted service on Toyar under §§ 48.161 and 48.181 is **GRANTED.** Wells Fargo may effect substituted service using the procedures outlined in § 48.161.

**ORDERED** in Tampa, Florida, on August 16, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.