UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

v().    Case No. 8:24-cv-546-KKM-AEP

MARALYN H. ADELMAN,
and TOYAR ELECTRONIC
EQUIPMENT, INC.,

    Defendants.
_____

## ORDER

Wells Fargo Bank, N.A., moves for an order permitting it to deposit with the Court the disputed funds that are the subject of this interpleader action, or alternatively, an order instructing Wells Fargo to deliver the disputed funds to Defendant Maralyn H. Adelman. Mot. for Interpleader (MI) (Doc. 36). Wells Fargo also seeks dismissal from the case and an award of attorney's fees and costs. *Id.* For the below reasons, I grant Wells Fargo's motion in part and deny it in part.

### I. BACKGROUND

On October 10, 2023, Defendant Maralyn H. Adelman, who holds a Wells Fargo bank account, allegedly wired $87,000.00 to Defendant Toyar Electronic Equipment, Inc.,

a business that also holds a Wells Fargo bank account. Am. Compl. (Doc. 18) ¶¶ 11–13. Adelman later submitted to Wells Fargo a recall request for the wire based on alleged fraud. *Id.* ¶ 14. After receiving the request, Wells Fargo restrained Toyar Electronic's account. *Id.* ¶ 15. Despite repeated requests, Toyar Electronic has refused to allow Wells Fargo to return the $87,000.00 (Disputed Funds) to Adelman, and the funds remain restrained. *Id.* ¶¶ 16–17. Toyar Electronic's principal has claimed that Toyar Electronic is entitled to the Disputed Funds because Adelman purchased electronic appliances from Toyar Electronic. *Id.* ¶ 19. Due to this dispute, Wells Fargo initiated this interpleader action under 28 U.S.C. § 1335. Compl. (Doc. 1); Am. Compl. Adelman answered Wells Fargo's amended complaint (Doc. 21), but Toyar Electronic has not. The clerk has entered default against Toyar Electronic. (Doc. 34).

## II.  LEGAL STANDARD

A district court has jurisdiction over a statutory interpleader action when: (1) the plaintiff has in its custody or possession "money or property of the value of $500 or more"; (2) the plaintiff "has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court"; and (3) "[t]wo or more adverse claimants, of diverse citizenship . . . , are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335(a).

An interpleader action proceeds in two stages. *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Est. of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (per curiam). "At the first stage, the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'" *Id.* (quoting *Prudential Ins. Co. of Am. v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009)); *see Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010). "At the second stage, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Langkau*, 353 F. App'x at 248 (quoting *Hovis*, 553 F.3d at 262).

A district court may enter an order restraining claimants in a statutory interpleader action "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361. A district court may make this injunction permanent. *Id.* A district court also has the discretion to award the stakeholder its costs and attorney's fees. *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982) (per curiam); *see Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder.").

3

## III. ANALYSIS

Wells Fargo is entitled to interpleader relief. First, Wells Fargo is holding $87,000.00 in disputed funds, which clearly crosses the $500 threshold. Second, the claimants are diverse. Adelman is a citizen of Florida and Toyar Electronic is a citizen of California. Am. Compl. ¶¶ 5–6. Third, Wells Fargo seeks an order directing the deposit of the $87,000.00 with the Court. *See* MI. Upon deposit, all requirements of § 1335(a) will be met. Further, Wells Fargo is "disinterested" in the disputed funds because it makes "no claim" to them. *Orseck, P.A.*, 699 F. Supp. 2d at 1349; *see* Am. Compl. ¶ 17. Therefore, upon deposit, I will "discharge [Wells Fargo] from liability and dismiss it from the action." *Id.*; see 28 U.S.C. § 2361 (providing that a district court "may discharge the plaintiff from further liability" in an interpleader case under § 1335).

Wells Fargo also seeks an order enjoining and prohibiting the defendants "from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, in connection with the Disputed Funds, the Toyar Electronic Account and the Adelman Account." MI at 9. Section 2361 authorizes a district court to enter an order restraining claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action." The same statute provides that a district court may "make the injunction permanent." 28 U.S.C. § 2361.

4

From the motion, it appears that Wells Fargo seeks a permanent injunction. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); see *Orseck, P.A.*, 699 F. Supp. 2d at 1351 (explaining that district courts have "extensive discretion under [§] 2361 with [respect] to the issuance and the scope of the order" (quoting *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002))). Here, Wells Fargo does not justify its request for an injunction beyond citing § 2361 and explaining the purposes of an interpleader action. Wells Fargo does not explain why res judiciata and collateral estoppel are insufficient to protect its interests and serve the purposes of interpleader. *Cf. Texas v. Florida*, 306 U.S. 398, 412 (1939) ("[A]djudication of the conflicting claims is not any the less effective as res judicata because not supplemented by injunction."). In sum, although a permanent injunction is available under § 2361, Wells Fargo has not established its need. Therefore, I will deny without prejudice Wells Fargo's request for a permanent injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) ("An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course.").

Finally, Wells Fargo seeks costs and attorney's fees. Wells Fargo submits a Deposit Account Agreement that governs the relationship between Wells Fargo and the defendants. (Doc. 18-1). In that Agreement, Wells Fargo is authorized to charge a client's

5

account for attorney's fees and expenses arising out of an adverse claim against the client's account. *Id.* at 31; *see also id.* at 39 ("Any fees, expenses (including attorneys' fees and expenses), or losses we incur as a result of responding to legal process related to your account are your responsibility. We may charge these costs to any account you maintain with us."). Further, attorney's fees and costs are sometimes available to an interpleader plaintiff. In awarding costs and attorney's fees to "the plaintiff who initiates the interpleader as a mere disinterested stake holder," the "usual practice is to tax the costs and fees against the interpleader fund." *Boyd*, 781 F.2d at 1497–98. Ordinarily, fees and costs "are quite minor and therefore do not greatly diminish the value of the asset." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

In its motion, Wells Fargo seeks $13,883.66 in fees and costs. MI at 10. Wells Fargo and Adelman, though, subsequently submitted a joint notice informing me that they agree "that the amount of $10,000.00 is a reasonable amount to be deducted from the Disputed Funds to pay for Wells Fargo's attorneys' fees and costs." (Doc. 37) at 2. Toyar Electronic has not appeared to contest this requested amount of attorney's fees, despite receiving notice of Wells Fargo's original request. MI at 11. In the light of the Deposit Account Agreement that entitles Wells Fargo to fees and costs, the agreement between Wells Fargo and Adelman, and the lack of objection from Toyar Electronic, I conclude that Wells Fargo is entitled to a $10,000 award in attorney's fees and costs.

6

In the alternative to its request for an order permitting it to deposit with the Court the funds at issue, Wells Fargo requests an order "instructing Wells Fargo to deliver the Restrained Proceeds to Defendant Maralyn H. Adelman (minus Wells Fargo's reasonable attorneys' fees and costs)." MI at 2. This order would be premature. A district court does not "evaluate[] 'the respective rights of the claimants to the interpleaded funds,'" until after discharging the stakeholder. *Langkau*, 353 F. App'x at 248 (quoting *Hovis*, 553 F.3d at 262) (describing the two stages of interpleader proceedings). Defendant Adelman can move for default judgment after Wells Fargo has been discharged. *See Columbus Life Ins. Co. v. Allen*, No. 3:13-CV-1612-J-39JBT, 2015 WL 12696200, at *1 (M.D. Fla. Apr. 23, 2015) ("Although it is typically the plaintiff who moves for an entry of default judgment, not a defendant, the right of a defendant in an interpleader action to do so has been recognized in this Circuit and otherwise."); MI at 2 n.1 ("If the Court requires a default judgment prior to any turnover and/or final disposition of the Restrained Proceeds, it is more appropriate for Defendant Adelman to seek default judgment against Defendant Toyar following Wells Fargo's interpleader of the Restrained Proceeds and subsequent dismissal of Wells Fargo from the instant action.").

## IV. CONCLUSION

Accordingly, the following is **ORDERED:**

1. Wells Fargo's Motion for Interpleader (Doc. 36) is **GRANTED in part and DENIED without prejudice in part.**

2. Wells Fargo is awarded $10,000 in attorney's fees and costs.

3. No later than **January 30, 2025**, Wells Fargo must deposit $77,000.00 into the Registry of the Court, which is the Disputed Funds ($87,000.00), save for the $10,000 award in attorney's fees and costs.[1] The Clerk must deposit the $77,000 into an interest-bearing account in accord with Federal Rule of Civil Procedure 67.

4. Upon deposit of $77,000.00 into the Registry, Wells Fargo is discharged from liability as to the Disputed Funds and **DISMISSED with prejudice** from this case.

5. Wells Fargo's request for a permanent injunction is **DENIED without prejudice.**

6. Adelman may move for default judgment against Toyar Electronic Co. no later than **fourteen (14) days** after the Wells Fargo deposits the Disputed Funds into the Registry.

---

[1] Wells Fargo represents that the Disputed Funds "may change due to account changes, interest payments, and/or tax withholding by Wells Fargo, as applicable." MI at 4 n.2. If the amount of the Disputed Funds changes, Wells Fargo must file a notice with the Court explaining the nature and cause of the change.

**ORDERED** in Tampa, Florida, on January 16, 2025.

_____
Kathryn Kimball Mizelle
United States District Judge